UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN VIGIL,<br><br>    Defendant.<br>_____ | ) NO. CR-07-0086-LRS<br>)<br>) **MEMORANDUM OPINION**<br>) **RE CAREER OFFENDER**<br>) **DESIGNATION**<br>)<br>)<br>)<br>)<br>) |

A sentencing hearing was held in this matter on April 8, 2008. Jared C. Kimball, Esq., appeared for the United States. Terence M. Ryan, Esq., appeared for the Defendant.

The court found that Defendant is a "career offender" pursuant to the Sentencing Guidelines, U.S.S.G. §4B1.1(a), and therefore, that his Total Adjusted Offense Level is 34, his Criminal History Category is VI, and his advisory guideline sentencing range is 262-327 months imprisonment. Notwithstanding that advisory guideline range, this court imposed a non-guideline sentence of 132 months imprisonment for Defendant's Armed Robbery conviction (Count 1) and a concurrent sentence of 120 months on Defendant's Attempted Witness Tampering conviction (Count 2), based on consideration of the factors set forth in 18 U.S.C. §3553(a). This memorandum opinion memorializes the court's determination regarding the career offender designation.

//
//
//

**MEMORANDUM OPINION RE
CAREER OFFENDER DESIGNATION  - 1**

## I. INTRODUCTION

A "career offender" is a defendant who has at least two prior adult felony convictions of either a crime of violence or a controlled substance offense. "Crime of violence" is defined as any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. §4B1.2(a).

## II. DISCUSSION

### A. 2000 Spokane County Superior Court Third Degree Assault Conviction

Defendant pled guilty to an Amended Information charging him with Third Degree Assault in violation of RCW 9A.36.031(1)(f) in that the Defendant "did with criminal negligence, cause bodily harm to S. G., which was accompanied by substantial pain that did extend for a period sufficient to cause considerable suffering."[1]

The Ninth Circuit Court of Appeals has held that Third Degree Assault in the State of Washington is not categorically a "crime of violence." Under the categorical approach, the court normally looks only to the fact of conviction and the statutory definition of the prior offense. *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990). In *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th

---

[1] Under Washington law, a person acts with criminal negligence "when he fails to be aware of a substantial risk that a wrongful act may occur and his failure to be aware of such substantial risk constitutes a gross deviation from the standard of care that a reasonable man would exercise in the same situation." RCW 9A.08.010(1)(d).

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION  - 2**

Cir. 2004), the Ninth Circuit held that under the categorical approach, Third Degree Assault does not qualify as a "crime of violence" as that term is defined in U.S.S.G. §4B1.2(a), because under Washington law, it is possible to commit Third Degree Assault "through an unlawful touching that does not involve substantial physical force or seriously risk physical injury."  Therefore, the court must resort to a modified categorical approach to determine whether a particular Third Degree Assault conviction amounts to a conviction for a "crime of violence." The modified categorical approach allows the court to go beyond the statute that defines Third Degree Assault and determine if the offense is a "crime of violence" based on consideration of court records including a charging document, a transcript of the plea colloquy, a written plea agreement presented to the court, "or a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20-21, 26, 125 S.Ct. 1254 (2005).[2] "[D]ocuments used to satisfy a modified-categorical analysis must meet a 'rigorous standard.'" *United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004).  "'[M]ight simply cannot be enough." *Id*.  The government must demonstrate that the record "unequivocally establishes that the defendant was convicted of" a "crime of violence." *Id*.

In his "Statement Of Defendant On Plea Of Guilty" filed in Spokane County Superior Court, the Defendant indicated as follows: "I was with some people who assaulted a young man.  I caused a cigarette burn, and walked downtown with

---

[2] Under the modified categorical approach, the court considers whether any of a limited set of specific documents, including "the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment," show the petitioner's conviction entailed an admission to, or proof of, the necessary elements of a crime of violence. *Hernandez-Martinez v. Ashcroft*, 343 F.3d 1075, 1076 (9th Cir. 2003).

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION  - 3**

him." This statement unequivocally establishes that Defendant's conviction for Third Degree Assault involved the use of substantial physical force against the person of another and/or involved conduct that presented a serious potential risk of physical injury to another. Furthermore, although Defendant was charged with criminal negligence, his statement unequivocally establishes that his use of force was intentional. See *Leocal v. Ashcroft*, 543 U.S. 1, 9, 125 S.Ct. 377 (2004) ("use . . . of physical force against the person or property of another," most naturally suggests a higher degree of intent than negligent or merely accidental conduct); *Fernandez-Ruiz v. Gonzalez*, 466 F.3d 1121 (9th Cir. 2006) ("bedrock principle of *Leocal* is that to constitute a federal crime of violence an offense must involve the intentional use of force against the person or property of another").

Defendant's 2000 Third Degree Assault conviction under RCW 9A.36.031(1)(f) was for a "crime of violence" as that term is defined in U.S.S.G. §4B1.2(a).

### B. 2002 Spokane County Superior Court Riot And Third Degree Assault Convictions

The Defendant pled guilty to an Amended Information charging him in Count 1 with Riot in violation of RCW 9A.84.010, and in Count 2 with Third Degree Assault in violation of RCW 9A.36.031(1)(g) (assaulting a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault). The Government acknowledges that the convictions on these two offenses are not counted separately because Defendant was not sentenced separately on the two convictions. U.S.S.G. §4B1.2(c). Therefore, they must be considered as a single felony in determining whether that felony constitutes a "crime of violence."

Third Degree Assault is clearly a felony punishable by a term of imprisonment exceeding one year. It is a Class C Felony punishable by a

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION - 4**

maximum term of imprisonment of five years. RCW 9A.36.031(2); RCW 9A.20.021(1)(c).[3] Riot can be charged either as a gross misdemeanor or as a felony. In Defendant's case, it was charged in the Amended Information as a felony because of the use of a deadly weapon. "The crime of riot is a Class C Felony if the actor is armed with a deadly weapon." RCW 9A.84.010(2)(b). A Class C Felony carries a maximum term of five years imprisonment. RCW 9A.20.021(1)(c). Apparently, a standard sentencing guideline range for Riot has not been established in the State of Washington and hence, pursuant to RCW 9.94A.505(2)(b), the court is to impose a "determinate sentence which may not include more than one year of confinement." This was reflected in Defendant's "Statement Of Defendant On Plea Of Guilty" in which the standard sentencing range was specified as 0-12 months. (Attachment D to Ct. Rec. 142 at p. 29). The statement, however, also reflected that the statutory maximum term of imprisonment was five years and furthermore, RCW 9.94A.505(2)(b) specifically authorizes a court to "impose a sentence which provides more than one year of confinement if the court finds reasons justifying an exceptional sentence as provided in RCW 9.94A.535." Although Defendant received a term of 12 months on both the Third Degree Assault (Count 1) and the Riot (Count 2) convictions, to run concurrently, both felony convictions were clearly punishable by a term of imprisonment exceeding one year.

     As noted, Third Degree Assault is not categorically a crime of violence because one can be convicted of that offense for a mere unlawful touching as opposed to conduct involving substantial physical force or which seriously risks physical injury. Nor is Riot categorically a "crime of violence" because one could

---

[3] The standard State of Washington sentencing guideline range specified for Defendant's Third Degree Assault conviction was 12 to 16 months. (Attachment D to Ct. Rec. 142 at p. 29).

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION  - 5**

be convicted of that crime based on use or threat to use force against property as opposed to a person.  Therefore, resort to the modified categorical approach is required.

The government relies on the police report that was prepared regarding the incident, doing so by virtue of a box the Defendant checked on his "Statement Of Defendant On Plea Of Guilty" which says: "Instead of making a statement, I agree that the court may review the police reports and/or a statement of probable cause supplied by the prosecution to establish a factual basis for the plea."[4]  Defendant entered *Alford* pleas[5], stating as follows:

> These are "Alford" guilty pleas. I understand the evidence against me and should all that evidence be presented to a jury, there is a possibility that I could be convicted. I enter these free and voluntary guilty pleas to take advantage of the prosecutor's recommendation and dismissals.

The police report (Attachment E to Ct. Rec. 142) indicates that the Defendant spit on the shirt of one of the arresting officers and admitted as much. This was the basis for the Third Degree Assault charge (assaulting a law enforcement officer who was performing his official duties at the time of the assault).  As despicable as this conduct was, the court cannot find that it involved the use of substantial physical force against the officer, or that it seriously risked physical injury to the officer or to anyone else.  The conduct amounted to an "offensive" and "unlawful touching" of a police officer, rather than "harmful"

---

[4] While police reports generally cannot be used in a modified categorical approach per *Shepherd*, they can be considered when the defendant stipulates to their use as a factual basis for supporting a plea. *U.S. v. Almazan-Becerra*, 482 F.3d 1085, 1090-91 (9th Cir. 2007)

[5] An *Alford* plea is one in which the defendant enters a plea of guilty for purposes of settling the criminal proceeding, but does not admit guilt. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160 (1970).

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION  - 6**

conduct.⁶ Accordingly, this Third Degree Assault conviction does not constitute a "crime of violence."

The police report indicates that a complaining witness identified Defendant as using a liquor bottle to hit the witness and another individual over their heads, requiring the other individual to receive medical treatment. The report indicates the Defendant threatened to kill the witness if he "snitched." The report also indicates that other suspects used a metal broom handle and a mop handle to hit some of the victims. The report concluded there was sufficient probable cause to charge the six defendants with Riot as they were acting with three or more persons and they knowingly and unlawfully used or threatened to use force against persons or against property, and were armed with bottles and a metal broom. In Count 2 of the Amended Information to which the Defendant pled guilty, it was alleged that: "[D]efendant, John Robert Vigil, in the State of Washington, on or about January 01, 2002, being armed with a deadly weapon, while acting with three or more

---

⁶ In *Sandoval*, the Ninth Circuit, in concluding that under Washington law it was possible to commit Third Degree Assault through an unlawful touching that does not involve substantial physical force or seriously risk physical injury, cited to *State v. Hall*, 104 Wn.App. 56, 14 P.3d 884, 889 (2000). In *Hall*, the defendant was convicted of assault on law enforcement officers which including spitting on one of the officers. The Washington Court of Appeals noted there are three forms of assault, one of which is assault by actual battery, "battery" being "intentionally touching or striking someone in a harmful **or offensive** manner." 14 P.3d at 888 (emphasis added). A person can intend to commit battery by an "unlawful, unpermitted touching short of bodily harm." *Id*. at 889. The court concluded the defendant produced no evidence controverting the State's evidence of harmful or offensive conduct "with Deputy Methena (biting) and Officer Groseclose (spitting)." *Id*., citing *State v. Humphries*, 21 Wn.App. 405, 409, 586 P.2d 130 (1978). In *Humphries*, the Washington Court of Appeals upheld a defendant's conviction for simple assault for spitting in the face of a police officer, noting that spitting can constitute a battery because although minor, it is bodily contact which is highly offensive.

**MEMORANDUM OPINION RE**
**CAREER OFFENDER DESIGNATION - 7**

persons, did knowingly and unlawfully, participate in the use of force against human beings . . . to-wit: a stick." The "stick" could be a reference to either the metal broom handle or a mop handle. Although the police report does not conclusively indicate that Defendant used a metal broom handle or a mop handle, it does indicate he used a bottle to beat a victim, and moreover that Defendant was acting with three or more persons to use force against the victims. The police report, in combination with the Amended Information, unequivocally establishes that Defendant's Riot conviction involved the use of substantial physical force against others and seriously risked physical injury to others. Hence, it is a "crime of violence" pursuant to U.S.S.G. §4B1.2(a).

The fact that Defendant entered an *Alford* plea to the charge is of no consequence with regard to use of the modified categorical approach. The legal implications of a plea are the same, that being an admission of the facts charged in the Information, whether or not the defendant maintains his innocence. See *Suazo Perez v. Mukasey*, 512 F.3d 1222, 1226-27 (9th Cir. 2008), and *U.S. v. Guerrero-Velasquez*, 434 F.3d 1193, 1197 (9th Cir. 2006). Defendant pled guilty to an Amended Information specifically charging him with use of force upon others by means of a deadly weapon. The *Suazo Perez* case is significant because it involves the same circumstances as here, namely a defendant who enters an *Alford* plea checking a box on his "Statement Of Defendant On Plea Of Guilty" indicating the court can use the underlying police report to determine if there is a factual basis for the plea.

### III. CONCLUSION

The court concludes the Defendant has two prior adult felony convictions for a "crime of violence:" the 2000 Third Degree Assault conviction and the 2002

**MEMORANDUM OPINION RE
CAREER OFFENDER DESIGNATION  - 8**

Riot conviction.[7]  Hence, the Defendant is a "career offender" under U.S.S.G. §4B1.1 with an advisory guideline range of 262 to 327 months.  That said, the court has concluded that a non-guideline sentence of 132 months is appropriate based on the 18 U.S.C. §3553(a) factors, including the fact that some "crimes of violence," including those of which the Defendant was previously convicted, are clearly less violent than other "crimes of violence."

The District Court Executive shall provide copies of this Memorandum Opinion to counsel and to the U.S. Probation Office.

**DATED** this ___10th___ day of April, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

---

[7] The fact the 2002 Third Degree Assault conviction is not a "crime of violence" has no bearing on whether the Riot conviction is a "crime of violence" since although those matters were charged together, they clearly involve distinct conduct.

**MEMORANDUM OPINION RE
CAREER OFFENDER DESIGNATION  - 9**