PROB 12C
(6/16)

Report Date: July 12, 2019

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: John Vigil | Case Number: 0980 2:07CR00086–LRS-1 |
| Address of Offender: | Spokane, Washington 99204 |

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: April 8, 2008

| | |
|---|---|
| Original Offense: | Armed Bank Robbery, 18 U.S.C. §§ 2113(a) and (d) and 2; Attempted Witness Tampering, 18 U.S.C. §§ 1512(b)(1), (2)(a) |
| Original Sentence: | Prison - 132 Months; TSR - 60 Months |
| | Type of Supervision: Supervised Release |
| Revocation Sentence: (May 15, 2019) | Prison - 2 Months; TSR - 58 Months |
| Asst. U.S. Attorney: | David Michael Herzog |
| | Date Supervision Commenced: July 5, 2019 |
| Defense Attorney: | Federal Public Defender |
| | Date Supervision Expires: May 4, 2024 |

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court. |

**Supporting Evidence**: Mr. Vigil is alleged to have violated mandatory condition number 3 by ingesting methamphetamine on or about July 6, 2019, based on urinalysis testing and the client's admission of such use.

On July 5, 2019, Mr. John Vigil signed his conditions relative to case number 2:07CR00086-LRS-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Vigil was made aware that he was required to refrain from any use of a controlled substance.

Specifically, on July 5, 2019, Mr. Vigil released from custody, completed his intake for supervision, and submitted to inpatient chemical dependency treatment with Spokane Addiction Recovery Center (SPARC), consistent with the client's conditions of supervised

Prob12C
Re: Vigil, John
July 12, 2019
Page 2

release as ordered by the Court. On July 8, 2019, the undersigned officer received a text message from the client requesting this officer come to his residence and be "open minded." The undersigned officer was able to then speak with the client telephonically at which time he affirmed he initially reported to inpatient services on July 5, 2019, but then relapsed on methamphetamine while engaged in services with the provider on July 6, 2019, and had to travel to the hospital by ambulance due to the effects of the substance on his physical health.

On July 9, 2019, the client reported to the U.S. Probation Office in Spokane, and did submit to urinalysis testing, the results of which were presumptive positive for methamphetamine. The client subsequently signed a drug use admission form serving to document his admitted use of methamphetamine as previously occurring on or about July 6, 2019.

2   **Special Condition # 7**: You must participate in an inpatient substance abuse treatment program and any recommended aftercare. You must follow the rules and regulations of the treatment program. The probation officer will supervise your participation in the program (provider, location, modality, intensity, etc.). You must pay the costs of the program if financially able.

**Supporting Evidence**: Mr. Vigil is alleged to have violated special condition number 7 by being terminated from inpatient services with Spokane Addiction Recovery Center (SPARC) on or about July 9, 2019, following the client's admission to treatment staff that he used methamphetamine while engaged in services with the provider.

On July 5, 2019, Mr. John Vigil signed his conditions relative to case number 2:07CR00086-LRS-1, indicating he understood all conditions as ordered by the Court. Specifically, Mr. Vigil was made aware he was required to become engaged in and successfully complete a program of inpatient chemical dependency treatment services.

Specifically, on July 5, 2019, Mr. Vigil released from custody, completed his intake for supervision, and submitted to inpatient chemical dependency treatment with Spokane Addiction Recovery Center (SPARC), consistent with the client's conditions of supervised release as ordered by the Court. On July 8, 2019, the undersigned officer received a text message from the client requesting this officer come to his residence and be "open minded." The undersigned officer was able to then speak with the client telephonically at which time he affirmed he initially reported to inpatient services on July 5, 2019, but then relapsed on methamphetamine while engaged in services with the provider on July 6, 2019, and had to travel to the hospital by ambulance due to the effects of the substance on his physical health.

It should be noted that due to the client's inability to locate treatment staff at the time emergency medical care was needed, treatment staff were at no time aware his medical need was likely being driven by his admitted relapse on methamphetamine, which occurred at the facility. On July 9, 2019, the client reported to the U.S. Probation Office in Spokane, at which time he stated he had been approved to become re-engaged in services with the provider following their staffing of the case given his departure. As a part of this discussion, Mr. Vigil was informed both he and the undersigned officer had the obligation to advise the provider of his relapse prior to re-engagement, which the client committed to doing. On the day in question, and following his report to the provider, Mr. Vigil advised the undersigned officer using text messaging that he could not become re-engaged in services due to his admitted relapse. On July 11, 2019, the undersigned officer was able to verify with the provider that the client had in fact been unsuccessfully discharged from services due to his relapse previously occurring while in their care.

Prob12C
**Re: Vigil, John**
**July 12, 2019**
**Page 3**

The U.S. Probation Office respectfully recommends the Court issue a **SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

          I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   July 12, 2019

s/Chris Heinen

Chris Heinen
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[✓]  The Issuance of a Summons
[ ]  Other

Signature of Judicial Officer

07/15/2019
Date